# United States District Court

## for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2019

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Armando Deleon                              Case Number: 0980 2:15CR00101-MKD-1

Address of Offender:                     Othello, Washington 99344

Name of Sentencing Judicial Officer: The Honorable Marcia A. Crone, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Mary K. Dimke, U.S. Magistrate Judge

Date of Original Sentence: March 16, 2011

| | | | |
|---|---|---|---|
| Original Offense: | Interstate Travel in Aid of a Racketeering Enterprise, 18 U.S.C. § 1952(a)(3) | | |
| Original Sentence: | Prison 90 M; TSR - 36 M | Type of Supervision: | Supervised Release |
| Revocation Sentence: November 2, 2015 | No imprisonment; TSR - 36 months | | |
| Revocation Sentence: July 7, 2016 | Prison - 6 months; TSR - 30 months | | |
| Revocation Sentence: April 14, 2017 | Prison - 30 days; TSR - 29 months | | |
| Revocation Sentence: September 28, 2017 | Prison - 3 months; TSR - 26 months | | |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard | Date Supervision Commenced: | December 1, 2017 |
| Defense Attorney: | Daniel N. Rubin | Date Supervision Expires: | January 31, 2020 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **STEP Condition**: On October 2, 2018, the offender was ordered to participate in Location Monitoring with GPS tracking. |

**Supporting Evidence:** The offender is considered to be in violation of his conditions of STEP by deviating from his approved schedule on January 14, 2019.

On October 5, 2018, the offender signed his Location Monitoring Program GPS Participant Agreement form stating he understood he was not to deviate from his approved schedule except in an emergency. Should there be an emergency, he was to contact his supervising officer immediately.

On January 14, 2019, the offender failed to return home by 7 p.m. as agreed upon. The offender returned home for about 15 minutes around 8:30 p.m. and then left the residence once again. GPS points indicate the offender went to a neighbor's property and remained there until approximately 2 a.m. on January 15, 2019. The offender never made contact to advise of any emergency which would have kept him from being home on time or which would have taken him to the neighbor's property.

2 **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Supporting Evidence**: The offender is considered to be in violation of his supervised release by failing to contact his probation officer by phone as directed on January 14, 2019.

On December 6, 2017, the offender signed his Judgement in a Criminal Case stating that he understood he was to contact his probation officer as instructed.

On October 5, 2018, the offender signed his Location Monitoring Program GPS Participant Agreement form stating he understood he was to acknowledge messages from his GPS tracker and to follow the verbal commands.

On January 14, 2019, the offender failed to return home at his scheduled time of 7 p.m. A message was sent through the GPS unit directing the offender to, "Call your officer now." The message was sent at 8:11 p.m. and he acknowledged receiving the message at 8:12 p.m. The offender failed to call his officer as directed. A second message was sent at 11:10 p.m., again instructing the offender to, "Call your officer now." He acknowledged receiving the message at 11:11 p.m. but once again failed to contact his officer.

As of the time this report was filed, the offender still has failed to contact his officer.

3 **Special Condition # 3**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: The offender is considered to be in violation of is period of supervised release by consuming alcohol on or prior to December 21, 2018.

On December 6, 2017, the offender signed his Judgement in a Criminal Case stating that he understood he was not to consume alcohol and that random Breathalyzer testing would be utilized.

On October 2, 2018, the offender was directed to begin using the Smart Start in-home alcohol testing unit. The offender was advised he would be testing for alcohol three times per day. The offender started his use of the system on October 15, 2018.

On December 21, 2018, the offender submitted to a test at 7:53 p.m. which returned positive for the presence of alcohol at a level of .027. A second sample was taken at 7:56 p.m. which also returned positive at a level of .023. When contacted about the positive tests, the offender initially stated he had not consumed alcohol, but he later admitted to drinking alcohol.

4     **Special Condition # 3**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: The offender is considered to be in violation of is period of supervised release by consuming alcohol on or prior to December 31, 2018.

On December 6, 2017, the offender signed his Judgement in a Criminal Case stating that he understood he was not to consume alcohol and that random Breathalyzer testing would be utilized.

On October 2, 2018, the offender was directed to begin using the Smart Start in-home alcohol testing unit. The offender was advised he would be testing for alcohol three times per day. The offender started his use of the system on October 15, 2018.

On December 31, 2018, the offender submitted to a test at 7:52 p.m. which tested positive for the presence of alcohol at a level of .022. He again tested at 7:55 p.m. with a positive result at a level of .021. A third test was taken at 7:58 p.m. with a positive result at a level of .023. The offender initially denied any alcohol use and noted he had been "eating different food." He later admitted using alcohol.

5     **Special Condition # 3**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: The offender is considered to be in violation of is period of supervised release by failing to supply a Breathalyzer test as directed between the hours of 5p.m. and 8p.m. on January 14, 2019.

On December 6, 2017, the offender signed his Judgement in a Criminal Case stating that he understood he was to consume alcohol and that random Breathalyzer testing would be utilized.

        On October 2, 2018, the offender was directed to begin using the Smart Start in-home alcohol testing unit. The offender was advised he would be testing for alcohol three times per day. The offender started his use of the system on October 15, 2018.

        On January 14, 2019, the offender was to complete a Breathalyzer test between the hours of 5 p.m. and 8 p.m. The offender failed to complete the test as instructed.

6        **Special Condition # 1**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

        **Supporting Evidence**: The offender is considered to be in violation of his period of supervised release by failing to comply with chemical dependency treatment.

        On December 6, 2017, the offender signed his Judgement in a Criminal Case stating that he understood he was to comply with chemical dependency treatment.

        On December 17, 2018, the offender was notified by Merit Resource Services that as part of his chemical dependency treatment he was to have "complete and total abstinence from alcohol and all other non-prescribed mood/mind altering drugs and to attend Self Help Sober Support Groups."

        As noted in violations 3 and 4, the offender has continued to use alcohol. At this time, the offender is in non-compliance with his treatment program according to treatment staff.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

        I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   1/15/2019

s/David L. McCary

David L. McCary
U.S. Probation Officer

Prob12C
**Re: Deleon, Armando**
**January 15, 2019**
**Page 5**

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

*M. K. Dimke*

Signature of Judicial Officer

1/15/2019

Date